IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID R. BUDD                                                                                                PLAINTIFF

vs.                                             Civil No. 3:15-cv-03096

CAROLYN W. COLVIN                                                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

David R. Budd ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on October 8, 2009.  (Tr. 11).  In his applications, Plaintiff alleges being disabled due to Hepatitis C, COPD, asthma, and a back impairment. (Tr. 180).  Plaintiff alleges an onset date of January 1, 2006.  (Tr. 11, 137, 144).  These applications were denied initially and again on reconsideration.  (Tr. 74-77).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 28-73). Plaintiff's administrative hearing was held on February 15, 2011 in Harrison, Arkansas. *Id.* Plaintiff was present and was represented by counsel, Rick Spencer. *Id.* Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing. *Id.* At this hearing, Plaintiff testified he was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. (Tr. 32). As for his education, Plaintiff testified he had only completed the ninth grade in school. (Tr. 32).

### A.    ALJ's First Administrative Decision

After this hearing, on August 30, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 8-23). The ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2008. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2006, his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of his lumbar spine, osteoarthritis of his cervical spine with associated chronic right shoulder pain, hepatitis C virus (HCV), asthma, generalized anxiety disorder, and antisocial personality disorder. (Tr. 13-15, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-16, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 16-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC

to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally climb ramps and stairs, he can never climb ladders, ropes and scaffolds, and he can only occasionally balance, stoop, kneel, crouch and crawl.  He cannot perform overhead work with his right upper extremity, he can perform frequent but not constant reaching and handing in all other directions with his right upper extremity, and he must avoid even moderate exposure to temperature extremes, wetness, humidity, fumes, odors, dusts, gases and poor ventilation.  The claimant is further limited and can perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment, and the supervision required is simple, direct and concrete, and which does not involve contact with the general public.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 21-22, Finding 6).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform his PRW as a material handler.  *Id.*  Because Plaintiff retained the capacity to perform his PRW, the ALJ determined she had not been under a disability, as defined by the Act, from January 1, 2006 through the date of his decision or through August 30, 2011.  (Tr. 22, Finding 7).

Thereafter, Plaintiff requested the Appeal's Council's review of this unfavorable disability determination.  (Tr. 7).  On December 4, 2012, the Appeals Council denied this request for review.  (Tr. 1-3).  Plaintiff appealed his case to this Court.  *See Budd v. SSA,* 3:13-cv-03008 (W.D. Ark. 2014) (ECF No. 13).  Upon review, this Court reversed and remanded Plaintiff's case for further administrative review because the ALJ failed to properly consider his medical records.  *Id.*  Specifically, the Court admonished the ALJ because he "summarily discounted Dr. Honghiran's [Plaintiff's treating physician] finding of chronic back pain."  (Tr. 21).  On June 19, 2014, to address

this Court's concerns, the ALJ held a second administrative hearing. (Tr. 667-724).

### B.　　ALJ's Second Administrative Decision

After this hearing, the ALJ entered a second unfavorable decision. (Tr. 643-658). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2008. (Tr. 645, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2006, his alleged onset date. (Tr. 645, Finding 2). The ALJ determined Plaintiff has the following categories of severe impairments: musculoskeletal disorders, cardiovascular disorder, respiratory disorder, digestive disorder, and mental disorders. (Tr. 645-647, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 648-650, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 650-656, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except as follows: the claimant can occasionally climb ramps and stairs. He cannot climb ladders, scaffolds, or ropes. He can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can occasionally reach in all directions including overhead. The claimant must avoid concentrated exposure to hazards and cannot drive as part of work. The claimant is unable to perform any work which involves food preparation or handing of food items. The claimant can perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, there are few variables, little judgment is required, and the supervision required is simple, direct, and concrete.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 656, Finding 6). Considering his RFC, the ALJ determined Plaintiff could not perform any of his PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 657-658, Finding 10). VE Larry L. Seifert testified at the administrative hearing regarding this issue. *Id.* Based upon his testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) semiconductor bonder (sedentary, unskilled) with 3,219 such jobs in the United States and 50 such jobs in Arkansas; (2) election clerk (sedentary, unskilled) with 15,603 such jobs in the United States and 150 such jobs in Arkansas; and (3) surveillance system monitor (sedentary, unskilled) with 17,100 such jobs in the United States and 117 such jobs in Arkansas. *Id.* Because the ALJ found Plaintiff retained the capacity to perform these other occupations, the ALJ also found Plaintiff was not under a disability from January 1, 2006 through the date of his decision or through June 15, 2015. (Tr. 658, Finding 11).

On October 6, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties have consented to the jurisdiction of this Court. ECF No. 6. Both Parties have also filed appeal briefs. ECF Nos. 11-12. This case is ripe for consideration.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ erred by again erroneously disregarding the findings of Dr. Honghiran; and (2) the ALJ erred by failing to properly consider *Polaski*. ECF No. 11 at 9-17. Upon review, the Court finds Plaintiff's first argument is merited and the ALJ *again* failed to properly consider the findings of Dr. Honghiran. Accordingly, this case must be reversed.

As noted above, when this Court first remanded Plaintiff's case to the ALJ in 2014, the entire basis for reversal was that the ALJ improperly "summarily discounted Dr. Honghiran's finding of chronic back pain." *See Budd v. SSA,* 3:13-cv-03008 (W.D. Ark. 2014) (ECF No. 13). Despite this admonition to consider Dr. Honghiran's findings carefully, in his second opinion, the ALJ provided the *exact same reasons* for discounting Dr. Honghiran's findings. (Tr. 654). Specifically, the ALJ stated "*there are no objective findings in his report which support such a conclusion* [Dr. Honghiran's conclusion that Plaintiff is disabled].*"* (Tr. 654) (emphasis added). As noted in the Court's prior opinion, however, there is *objective testing* to support the ALJ's determination.

7

Notably, the results from the x-rays of Plaintiff's lumbar spine Dr. Honghiran ordered support his conclusion. Furthermore, Dr. Honghiran is not a general practitioner whose expertise is not tailored to Plaintiff's impairments. Rather, Dr. Honghiran is a *orthopaedic surgeon* whose opinions should be entitled to even greater weight. (Tr. 586).

Specifically, in his report, Dr. Honghiran ordered x-rays of Plaintiff's lumbar spine which showed "degenerative disk disease at L4-5 and L5-S1 level of the lumbar spine." (Tr. 587). Considering these x-rays and coupled with Plaintiff's Hepatitis C, Dr. Honghiran found Plaintiff is "weak . . . [and] also has chronic low back pain from degenerative disk disease." *Id.* As a result, Dr. Honghiran found Plaintiff would be unable to return to work. *Id.* Dr. Honghiran's report was dated March 30, 2011.

In this case, Plaintiff filed his disability applications seven years ago in 2009 and alleged an onset date from ten years ago in 2006. (Tr. 11). This case has already been remanded once, and the ALJ entirely disregarded the Court's directives. Based upon the Court's review of the medical records in this case, the Court finds no further administrative development is necessary, and this case can be reversed and rendered. *See Andler v. Chater,* 100 F.3d 1389, 1394 (8th Cir. 1996) (holding that "[i]f the record presented to the ALJ contains substantial evidence supporting a finding of disability, a reviewing court may reverse and remand the case to the district court for entry of an order granting benefits to the claimant"). Such a remedy is especially appropriate where "further hearings would merely delay benefits." *Id.*

### 4.     Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence in the record. Further, as outlined above, the record contains substantial evidence supporting a finding of disability. Thus, this Court orders Plaintiff's case be reversed and rendered with a direction to the SSA to award benefits. The SSA should be directed to calculate Plaintiff's past-due benefits from his application date of March 30, 2011, the date of Dr. Honghiran's report. Such an onset date is consistent with Plaintiff's medical records. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED this 19th day of October 2016.**

                                                        /s/  Barry A. Bryant  
                                                        HON. BARRY A. BRYANT  
                                                        U. S. MAGISTRATE JUDGE